UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUNIOR ONOSAMBA-OHINDO, on behalf of himself and all others similarly situated,

Petitioner/Plaintiff,

v.

JEFFREY SEARLS, in his official capacity as the Acting Administrator of the Buffalo Federal Detention Facility,

Respondent/Defendant.

**DECISION AND ORDER**

1:20-CV-00290 EAW

## INTRODUCTION

Petitioner/plaintiff Junior Onosamba-Ohindo ("Class Petitioner") and former petitioner/plaintiff Antonio Lopez Agustin ("Subclass Petitioner") (collectively "Petitioners") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief, purportedly on behalf of themselves and all other persons similarly situated. (Dkt. 1 ("Petition")). Petitioners sought: class certification; a declaratory judgment that the "actions, practices, policies, and/or omissions" of defendants/respondents violate the Immigration and Nationality Act ("INA") and its implementing regulations, the Administrative Procedure Act, and the Fifth Amendment to the U.S. Constitution; a declaratory judgment that each class member is entitled to a custody hearing at which the government bears the burden to justify continued detention by proving by clear and convincing evidence that the detained individual is a

danger to others or a flight risk; and an order stating that each class member must be released unless provided with such a custody hearing. (*Id.* at 18-19).

In a Decision and Order dated September 2, 2020 (Dkt. 41) (the "D&O"), the Court granted in part and denied in part the motion to dismiss. (*Id.* at 8-35). Claims asserted by Subclass Petitioner and the proposed subclass members detained at Richwood Correctional Center and claims asserted against all respondents/defendants with the exception of Jeffrey Searls ("Respondent") were dismissed without prejudice. (*Id.* at 15-20). The Court found that Class Petitioner stated a Due Process Clause claim that the government is required to bear the burden of proof at bond hearings held pursuant to 8 U.S.C. § 1226(a) and that the immigration judge ("IJ") must consider non-bond alternatives to detention, or if setting a bond, ability to pay. (*Id.* at 28-32). With respect to Class Petitioner's claim for violations of the INA, the Court rejected Plaintiff's contention that § 1226(a) "require[s] [immigration judges] to consider ability to pay and alternative conditions of release in setting bond," but found that Class Petitioner had "stated a claim for violation of the INA on different grounds"—namely, that at his bond hearing, the IJ had stated that she could not consider alternatives to money bond. (*Id*. at 34). Accordingly, "Class Petitioner's claim that the IJ misinterpreted the INA by stating she could not consider alternative conditions of release" was allowed to proceed, but his claim "that the INA required the IJ to consider those alternatives or his ability to pay in setting bond" was dismissed. (*Id.*).

The D&O also granted in part, denied in part, and reserved decision in part on Petitioners' motion for class certification and certified a Pre-Hearing Class, defined as follows:

> All individuals currently detained at the Buffalo Federal Detention Facility under § 1226(a) who will have a custody hearing before the Batavia or Buffalo Immigration Courts.

(*Id.* at 35-47). The Court reserved decision on whether to certify a putative Post-Hearing Class of individuals who have already had a custody hearing before the Batavia or Buffalo Immigration Courts. (*Id* at 46-47). Finally, the Court granted in part and denied in part Petitioners' motion for a preliminary injunction. (*Id.* at 47-52). Specifically, the Court granted a preliminary injunction as to the constitutional claims of the Pre-Hearing Class and ordered that all members of the Pre-Hearing Class must receive a bond hearing wherein the government bears the burden of proving by clear and convincing evidence that the individual is a danger to the community or flight risk, and where the IJ must consider non-bond alternatives to detention or, if setting a bond, ability to pay. (*Id.* at 52-54). The Court otherwise denied the motion for a preliminary injunction with respect to the putative Post-Hearing Class. (*Id.*).

Presently pending before the Court is Class Petitioner's motion (Dkt. 49) for reconsideration of the portion of the D&O dismissing his claim that the INA requires IJs to consider alternatives to money bond or the ability to pay (Dkt. 49), as well as the unresolved portion of the motion seeking to certify the Putative Post-Hearing Class (Dkt. 2). Because Class Petitioner argues that a ruling in his favor on the reconsideration motion would obviate the need to reach the certification motion (*see* Dkt. 49-1 at 9-10), the Court will consider that motion first. But for the reasons that follow, the Court denies Class Petitioner's motion to reconsider and further denies the pending portion of the motion for certification without prejudice to renew.

## BACKGROUND

### I. Factual Background

The factual background of this case is set forth in detail in the D&O, familiarity with which is assumed for purposes of this Decision and Order. The Court has summarized the key details below, and includes the relevant developments since the Court issued the D&O.

### II. Bond Hearings Pursuant to 8 U.S.C. § 1226(a)

As outlined in the D&O, the federal government has authority under the INA to detain people during immigration proceedings that may result in their removal. *See generally* 8 U.S.C. § 1226. The INA requires that immigration detainees who were present in the United States before their arrest, are currently in removal proceedings, and lack certain criminal convictions that would otherwise subject them to mandatory detention are entitled to receive an initial determination from United States Immigration and Customs Enforcement ("ICE") regarding whether they may be released while their removal cases proceed. *See id.* If ICE does not release an individual, that person may ask an IJ to review ICE's custody determination in a bond hearing. *See id.* § 1226(a); 8 C.F.R. §§ 1003.19(a), 1236.1(d)(1). Thereafter, the detainee may appeal the IJ's determination to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 1236.1(d)(3), 1003.1(b)(7).

At the bond hearing, § 1226(a) provides that the Attorney General "may continue to detain the arrested alien" or "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. § 1226(a)(1)-(2). In the D&O, the Court concluded that the plain language of § 1226(a) "does not provide the procedural requirements for bond

hearings. Instead, the procedural rules followed by immigration courts come from BIA precedential decisions, which are not construing language in the statute." (Dkt. 41 at 23 (citation omitted)). The D&O cited the Supreme Court case of *Jennings v. Rodriguez,* __ U.S. __, 138 S. Ct. 830, 834 (2018), in recognizing that § 1226(a) does not speak to the procedural requirements of bond hearings. (Dkt. 41 at 23); *see also Jennings*, 138 S. Ct. at 847 (holding "[n]othing in § 1226(a)'s text—which says only that the Attorney General 'may release' the alien 'on . . . bond'—even remotely supports" placing the burden on the government to prove by clear and convincing evidence that the alien's continued detention is necessary).

In the D&O, the Court agreed with Class Petitioner and reaffirmed its prior finding that the Due Process Clause requires the government to bear the burden of proof at § 1226(a) bond hearings and the IJ to consider non-bond alternatives to detention or, if setting a bond, ability to pay. As noted, the Court ordered that all members of the Pre-Hearing Class receive a bond hearing in accordance with those directives.

More recently, the Court of Appeals for the Second Circuit decided *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020). Utilizing the three-factor balancing test provided in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Second Circuit held that the petitioner, a noncitizen incarcerated pursuant to 8 U.S.C. § 1226(a) for 15 months, was entitled to a new bond hearing where the government bore the burden to establish by clear and convincing evidence that he should be detained. 978 F.3d at 855-56. The *Velasco Lopez* court concluded that this requirement "strikes a fair balance between the rights of the individual and the legitimate concerns of the state," *id.* at 857 (quoting *Addington v. Texas*, 441 U.S.

418, 431 (1979)), and rejected the government's contention that the *Jennings* decision foreclosed the relief sought by the petitioner, *id.* (citing *Jennings*, 138 S. Ct. at 851)). Although the *Velasco Lopez* court did not establish a bright-line rule "for when due process entitles an individual detained under § 1226(a) to a new bond hearing with a shifted burden," it nonetheless held that "[o]n any calculus" the 15-month incarceration in that case violated due process. *Id.* at 855 n.13. It concluded that the result allowed all interested parties to prevail because the government "has no interest in the continued incarceration of an individual who it cannot show to be either a flight risk or a danger to his community." *Id.* at 857.

## III. Procedural Background

Petitioners filed the instant action (Dkt. 1) and motion to certify the class (Dkt. 2) on March 11, 2020. On April 10, 2020, Petitioners filed a motion for preliminary injunction (Dkt. 15), and on April 27, 2020, the respondents/defendants filed their motion to dismiss (Dkt. 22).

On September 2, 2020, the Court issued the D&O. (Dkt. 41). Supplemental briefing was ordered regarding certification of the putative Post-Hearing Class (Dkt. 42), which Class Petitioner submitted on September 16, 2020 (Dkt. 44), and Respondent submitted on September 23, 2020 (Dkt. 47). On September 30, 2020, Class Petitioner filed the pending motion for reconsideration (Dkt. 49), to which Respondent filed a response on October 23,

2020 (Dkt. 51). On October 30, 2020, Respondent filed a notice of appeal of the portion of the D&O that granted, in part, the motion for a preliminary injunction.[1] (Dkt. 52).

## DISCUSSION

### I. Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

---

1 Respondent's notice of appeal only effectuated an appeal from the portion of the D&O that granted, in part, the motion for a preliminary injunction. Although that appeal remains pending, it does not divest this Court of jurisdiction over the underlying lawsuit. *See New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989); *New York v. United States Dep't of Homeland Sec.*, 475 F. Supp. 3d 208, 224 (S.D.N.Y. 2020) (noting that an appeal from an interlocutory order granting or denying a preliminary injunction "does not prevent the matter from otherwise proceeding in the district court"). Thus, while divested of jurisdiction with respect to the preliminary injunction motion, the Court concludes that it is not divested of jurisdiction with respect to the motion for certification or Class Petitioner's request for reconsideration of the Court's decision on the dismissal of his statutory conditional parole claim.

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Here, Class Petitioner moves for reconsideration of the denial of his statutory claim that § 1226(a) requires that particular procedures be conducted at a bond hearing, arguing that the statute requires consideration of conditional parole in every case. Specifically, he challenges the portion of the D&O wherein the Court reached the following conclusion:

> As discussed at length above, the Court agrees with Respondent that § 1226(a) does not speak to what factors an IJ must consider at a bond hearing. Section 1226(a) states that the government "*may* continue to detain the arrested alien," and "*may* release the alien" on bond or conditional parole. 8 U.S.C. 1226(a) (emphasis added). In other words, the plain language of 8 U.S.C. § 1226(a) allows IJs to consider alternative conditions of release and bond, but does not require that they do so or otherwise prescribe what procedures should be used at a bond hearing.

(Dkt. 41 at 33). Although § 1226(a) provides that the Attorney General may detain the alien or release the alien "on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; *or* (B) conditional parole," *see* 8 U.S.C. § 1226(a)(1)-(2) (emphasis added), Class Petitioner argues that the statute requires an IJ to consider conditional parole at every bond hearing and that such result is dictated by the Supreme Court's holding in *I.N.S. v. Nat'l Ctr. For Immigrants' Rights*, 502 U.S. 183 (1991).

Respondent raises two arguments in opposition to Class Petitioner's motion for reconsideration: first, that the motion is untimely because Class Petitioner failed to raise it in his original filings, and second, that it is substantively deficient. The Court will address each argument in turn.

**A. Timeliness of Class Petitioner's Motion**

Respondent first contends that Class Petitioner's request that the Court reconsider its decision on this statutory claim is untimely because Class Petitioner did not make the argument he is making now in his submissions on the underlying motion. Indeed, "[a] motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" *United States v. Seng,* No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

Here, while Class Petitioner made the argument in his earlier filings that § 1226(a) required individualized consideration which includes conditional parole, as noted, the

Court considered those arguments in formulating the opinion in the D&O, and re-argument of the same points is not appropriate on a reconsideration motion. In attempting to get around that hurdle, Class Petitioner argues as the basis for his motion that "[i]n an otherwise thorough decision, the Court did not address the Supreme Court cases upon which the petitioner relied, primarily *I.N.S. v. National Center for Immigrants' Rights ("NCIR")*, 502 U.S. 183 (1991), that establish that section 1226(a)'s provision that immigration judges 'may' consider conditional parole is to be construed to require consideration of that statutory option in custody hearings." (Dkt. 49-1 at 4).

Importantly, Class Petitioner did not even cite *NCIR* in connection with his opposition to the motion to dismiss his INA claims, although it was cited in connection with the motion for a preliminary injunction. Specifically, in the preliminary injunction motion, Petitioners argued:

> As the Supreme Court has held, INA language that the Attorney General "may" detain or release someone in immigration custody requires an individualized determination. *See INS v. Nat'l Ctr. for Immigrants' Rights, Inc. ("NCIR")*, 502 U.S. 183, 191, 194-95 (1991); *Reno v. Flores*, 507 U.S. 292, 313-14 (1993). NCIR held the permissive "may" in an effectively identical INA provision required the Attorney General to perform an "individualized determination" about whether to impose a particular condition of release, since "in the absence of such judgments, the legitimate exercise of discretion is impossible." *Id.* at 194-95; *see also Flores*, 507 U.S. at 313-14 (reaffirming NCIR's interpretation of former § 1252(a) in the context of children's detention).

(Dkt. 15-1 at 16-17). This is the only discussion of *NCIR* in Petitioners' memorandum and the argument arose in connection with the section about the IJ's alleged "No Bond Policy." While Class Petitioner contends that he incorporated the argument into the later section of his brief addressed to the IJ's refusal to consider alternative conditions of relief (*see* Dkt.

49-1 at 6 n.1), he did not explicitly cite to *NCIR* in that section of the argument (*see* Dkt. 15-1 at 21) ("Just as the No Bond Policy runs afoul of the INA's obligation of individualized determinations, so does the Buffalo-area IJ's policy of failing to consider one important alternative to detention specified by Congress: conditional parole.").

The Court is hard-pressed to agree with Class Petitioner that it failed to address an argument and controlling caselaw that was clearly presented by Class Petitioner in his prior submissions. The argument Class Petitioner now makes with respect to *NCIR* was not clearly outlined in his previous submissions, and indeed, not even cited at all in opposition to the motion to dismiss that is the subject of the reconsideration motion. Class Petitioner may not now assert new arguments he did not clearly advance before, and which he had the opportunity to present at that time. On that basis alone, the motion for reconsideration should be denied. *See Brooks v. Hogan*, No. 9:15-CV-00090-BKS-TWD, 2021 WL 1091380, at *2 (N.D.N.Y. Mar. 22, 2021) ("Thus, a motion for reconsideration is not to be used for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (quoting *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998))); *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so."). Nevertheless, notwithstanding the untimeliness, the Court will consider Class Petitioner's argument on the merits.

**B. Merits of Class Petitioner's Argument**

As noted, Class Petitioner contends that *NCIR* explicitly requires a finding that § 1226(a) requires IJs to individually consider conditional parole in each case. The Court disagrees that *NCIR* can be read to explicitly require that result.

The Supreme Court in *NCIR* addressed the "narrow question" of whether a statutory provision of the INA authorized "the Attorney General to arrest excludable aliens and, pending a determination of their deportability, either to hold them in custody or to release them on bond 'containing such conditions as the Attorney General may prescribe.'" 502 U.S. at 184. Specifically, the Court considered whether the provision of the INA at issue "prohibits promulgation of a rule generally requiring that release bonds contain a condition forbidding unauthorized employment pending determination of deportability." *Id.* at 184-85. The section of the INA at issue in *NCIR* contained language similar to that in § 1226(a), and the Court ultimately concluded that a regulation promulgated by the Attorney General setting a "no-employment condition" as "the rule rather than the exception" was not inconsistent with the statutory requirement for "individualized decisions." *Id.* at 186, 194-95. The Court stated, "[i]ndeed in the absence of such judgments, the legitimate exercise of discretion is impossible in this context." *Id.*

While an argument can be made that the holding in *NCIR* supports Petitioner's argument here that consideration of conditional parole is required to constitute an adequate "individualized determination" of a request for release, it is not so expressly stated in that case as to clearly contradict the Court's conclusions in the D&O and sufficient to demonstrate a clear error or present a case of manifest injustice. Indeed, Class Petitioner

has not cited any cases that have applied *NCIR*'s holding to stand for the proposition he urges, and *NCIR* was decided in 1991. To the contrary, the Supreme Court clarified in *Reno v. Flores*, 507 U.S. 292 (1993), that the requirement of an "individualized determination" does not prohibit the "use of reasonable presumptions and generic rules." *Id*. at 313. The lack of a clear directive that *NCIR* is controlling in the instant circumstances, particularly where it was not expressly raised in the initial papers, leaves the Court to conclude that no basis for reconsideration has been established. *See Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (the "demanding standard" for reconsideration is not met where a party merely "make[s] a more persuasive argument" (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).

Because the Court concludes that reconsideration is not warranted, it will go on to consider the motion for certification of the Post-Hearing Class.

## II. Motion to Certify Putative Post-Hearing Class

As noted, Class Petitioner initially moved to certify a class of detainees that included the Post-Hearing Class, those who already had a hearing, as well as the Pre-Hearing Class of those individuals who will have a custody hearing before the Batavia or Buffalo Immigration Courts. (Dkt. 3 at 15).

In the D&O, the Court concluded that Class Petitioner satisfied the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification regarding the class-wide claims: "numerosity, commonality, typicality, and adequacy of representation." (Dkt. 41 at 35 (citing *Sykes v. Mel S. Harris & Assocs.*, 780 F.3d 70, 80 (2d Cir. 2015)). Respondent has not challenged the Court's Rule 23(a) conclusions in his supplemental briefing on the

issue presently before the Court and makes no argument that the Post-Hearing Class members do not satisfy those Rule 23(a) prerequisites. Rather, Respondent focuses his argument in opposition to the motion for certification of the putative Post-Hearing Class on grounds of the proposed class members' purported failure to satisfy Federal Rule of Civil Procedure 23(b)(2).

As noted in the D&O, "the key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." (Dkt. 41 at 44 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011)); *see also* Fed. R. Civ. P. 23(b) ("A class action may be maintained if Rule 23(a) is satisfied and if . . . (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole"). Relying on *Wal-Mart*, Respondent contends that the claims of the Post-Hearing Class are not appropriate for certification because they are "claims for individualized relief," and "the complained of-conduct (i.e., procedures employed during § 1226(a) bond hearing) is not amenable to uniform declaratory relief." (Dkt. 47 at 1 (quoting *Wal-Mart*, 564 U.S. at 338)). Specifically, Respondent argues that because members of the Post-Hearing Class are only entitled to a new bond hearing if they can establish prejudice in a separate, individualized, habeas proceeding, class certification is inappropriate.

Indeed, the Court in the D&O reserved decision on the motion to certify the Post-Hearing Class to further consider the implications arising from the fact that for individuals

who have already received a bond hearing, an individualized showing of prejudice would be required before being awarded a new hearing. (Dkt. 41 at 45). Second Circuit caselaw is in accord that such a showing of prejudice is necessary. *See, e.g., Wei v. Wilkinson*, No. 18-3353, ___ F. App'x ___, 2021 WL 627508, at *2 (2d Cir. Feb. 18, 2021) ("To establish a violation of due process, an [applicant] must . . . allege some cognizable prejudice fairly attributable to the challenged process." (internal quotations and citations omitted)); *Rahman v. Wilkinson*, No. 18-3737, ___ F. App'x ___, 2021 WL 278326, at *2 (2d Cir. Jan. 28, 2021) ("To the extent he attempted to raise a due process claim, [petitioner] provided no evidence of poor interpretation or prejudice . . ."); *Arrue v. Rosen*, No. 19-821, ___ F. App'x ___, 2021 WL 21772, at *1 (2d Cir. Jan. 4, 2021) ("Contrary to Arrue's suggestion, he does not have a colorable due process claim because he has not established the requisite prejudice."); *Torres-Hernandez v. Barr*, 821 F. App'x 16, 19 (2d Cir. 2020) (noting that "[t]o succeed on a due process claim, a petitioner must show . . . cognizable prejudice" (quotation and citation omitted)); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation and citation omitted)).

Respondent contends that in light of the varying Post-Hearing Class members' status, declaratory relief cannot be uniformly applied to the proposed class. (Dkt. 47 at 3). The individualized nature of the showing required does raise questions as to the ultimate appropriateness of certifying the Post-Hosting Class and providing declaratory relief. In order for declaratory relief to be appropriate, the Court must consider: "(1) whether the

judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether the judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005); *see also Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.,* No. 18 CIV. 8152 (JFK), 2020 WL 6585702, at *6 (S.D.N.Y. Nov. 10, 2020) ("[T]he primary issues in assessing the appropriateness of declaratory relief are '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'" (quoting *Chevron Corp. v. Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012))), *reconsideration denied*, No. 18 CIV. 8152 (JFK), 2021 WL 797674 (S.D.N.Y. Mar. 2, 2021).

Here, the exact nature of the declaratory relief sought by the Post-Hearing Class has not been fully briefed and is not before the Court on the instant motion. But there appear to be sufficient open questions as to the indivisible nature of the declaratory relief ultimately being sought for the Post-Hearing Class to make the appropriateness of certification under Rule 23(b)(2) questionable. The fact alone that certifying the Post-Hearing Class would not obviate the need for individualized habeas petitions undercuts the usefulness of certification and ultimately, an award of declaratory relief. This is particularly true where the law regarding § 1226(a) bond hearings has developed since the time the certification motion was filed. The Second Circuit in *Velasco Lopez* has provided clarity as to several of the issues concerning bond hearings that were unresolved at the time Petitioners initiated this action and may already provide relief to members of the Post-Hearing Class that was not clearly available at the time the action was commenced. Any

remedy the Court may provide in the form of declaratory relief would potentially be unnecessary or advisory.

Although not directly on point, the Court of Appeals for the Seventh Circuit's decision in *Andrews v. Chevy Chase Bank,* 545 F.3d 570 (7th Cir. 2008) is instructive. There, the question was whether a class could be certified pursuant to Rule 23(b) for purposes of seeking a rescission under the federal Truth in Lending Act (the "TILA"). *Id.* at 577. The *Andrews* court determined that it could not, because "[a] court's certification of a class of persons entitled to seek rescission would be just the beginning. Each class member individually would have the option of exercising his or her right to rescind, and not all class members will want to do so. . . ." *Id*. at 574. Accordingly, "[r]ather than settling the legal relations at issue, a judicial declaration in this situation would be essentially advisory. . . . The rescission remedy is so inherently personal that a court cannot venture further while addressing the plaintiffs as a class; it can do no more than simply declare that a certain group of plaintiffs have the right to initiate rescission, and that is not a form of 'final' declaratory relief under Rule 23(b)(2)." *Id*. at 577 (internal citations omitted). Similarly, in this case, a declaration by the Court would still require that the members of the putative Post-Hearing Class bring individual habeas corpus proceedings to adjudicate the matter of whether they suffered prejudice, and so arguably would not provide finality or serve a useful purpose in clarifying the legal relationship between the parties.

The Court is cognizant that "Rule 23 is not a weed whacker for merits problems." *Arkansas Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*, 955 F.3d 254, 268 (2d Cir. 2020),

*cert. granted*, 141 S. Ct. 950 (2020). However, the Supreme Court made clear in *Wal-Mart* that a district court must perform a "rigorous analysis" in determining whether class certification is appropriate, and that "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." 564 U.S. at 350-51 (citation omitted). Here, the merits concerns discussed above directly implicate the indivisible nature of the declaratory judgment sought by Class Petitioner—in particular, whether the Court could indeed issue a declaratory judgement that would "provide relief to each member of the class," or whether instead "each individual class member would be entitled to a different . . . declaratory judgment[.]" *Id*. at 360. Accordingly, the Court cannot determine at this time and on this record that certification of the putative Post-Hearing Class is appropriate.

In reaching this decision, the Court has considered a Massachusetts district court case that did fashion relief similar to what Class Petitioner seeks. *See Brito v. Barr*, 395 F. Supp. 3d 135, 148 (D. Mass.), *modified*, 415 F. Supp. 3d 258 (D. Mass. 2019), *appeal pending*, No. 20-1037 & 20-1119 (1st Cir.). In *Brito*, as here, the class action plaintiffs alleged that the allocation of proof in immigration court bond hearings and failure to consider alternative conditions of relief and ability to pay are unlawful for individuals being detained pursuant to 8 U.S.C. § 1226(a). 415 F. Supp. at 263. The district court certified two classes of individuals asserting a due process claim: a pre-hearing class and post-hearing class. *Id.* The *Brito* court acknowledged that it could not "issue a unitary injunction ordering new bond hearings for [the post-hearing class] without delving into their individual criminal histories and personal characteristics to determine whether they

suffered prejudice from the errors at their first hearings." 395 F. Supp. 3d at 148. It nevertheless concluded that it could "issue a declaratory judgment explaining the procedures due process requires at a § 1226(a) bond hearing and each individual's entitlement to a new bond hearing in accordance with those procedures if he can show prejudice via an individual habeas petition," because a "single declaration would address the rights of all aliens who have already had a bond hearing subject to unconstitutional procedures." *Id*. at 148-49.

The Court does not find the reasoning in *Brito* persuasive here. The *Brito* court did not expressly consider whether the necessity for individualized proceedings to determine prejudice would undercut the finality of the proposed declaratory judgment. In addition, not only is *Brito* not controlling on this Court, but it is also currently on appeal. Further, as explained above, the development of the law in the Second Circuit is now clearer than the law in the First Circuit was at the time *Brito* was decided, and at the time this action was filed. These facts leave the Court to conclude that the better course of action is to deny this portion of the motion for class certification without prejudice, as opposed to allowing it, only to decertify the class at a later point in the proceedings. *See Jin v. Shanghai Original, Inc.*, No. 19-3782, 2021 WL 864711, at *8 (2d Cir. Mar. 9, 2021) ("[D]istrict courts have the authority to *sua sponte* decertify a class if they find that the class no longer meets the requirements of Rule 23 at any time before final judgment is entered.").

For these reasons, the Court denies Class Petitioner's motion for certification of the Post-Hearing Class without prejudice.[2] Class Petitioner may, if he chooses, bring a renewed motion for class certification that addresses the concerns identified by the Court, and in particular sets forth the precise indivisible declaration that he contends the Court could issue in this matter.

## CONCLUSION

For the reasons explained above, the portion of the motion for class certification (Dkt. 2) that remained pending is denied without prejudice and Class Petitioner's motion for reconsideration (Dkt. 49) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 29, 2021
Rochester, New York

[2] To the extent Respondent argues that the Court does not have authority to direct that a new bond hearing be held resulting from a due process violation (Dkt. 47 at 5-6), *Velasco Lopez* would seemingly foreclose that argument.